**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4262

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DONTRAIL MARKISE GILMORE,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers II, Chief District Judge.  (5:24-cr-00151-M-BM-1)

Submitted:  May 20, 2026                    Decided:  July 10, 2026

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & ASHTON PLLC, New Bern, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Sarah E. Nokes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the Eastern District of North Carolina, defendant Dontrail Markise Gilmore challenges his April 2025 judgment of conviction. *See United States v. Gilmore*, No. 5:24-cr-151 (E.D.N.C. Apr. 23, 2025), ECF No. 35 (the "Criminal Judgment"). In January 2025, Gilmore pleaded guilty "straight up" — i.e., without any plea agreement — to one count of distributing and possessing with intent to distribute a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1). For that offense — which arose from a controlled purchase of drugs from Gilmore by a confidential informant on September 29, 2023 — the district court imposed on Gilmore a 151-month prison sentence.

On appeal, Gilmore maintains that the district court made three fatal errors related to the Criminal Judgment. More specifically, Gilmore maintains that the court erred at the sentencing stage (1) by including drugs found at the time of Gilmore's arrest in June of 2024 in the applicable drug weight calculation for the September 2023 controlled purchase; (2) by designating Gilmore as a career offender under the Sentencing Guidelines because the relevant predicate offense was "outside the 15 year [sic] window"; and (3) by "failing to adequately explain its reasons for rejecting Gilmore's nonfrivolous sentencing arguments for a downward variance." *See* Br. of Appellant 2 (citation modified).

Relevant here, as to Gilmore's first and second appellate contentions, "in assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *See United States v.*

2

*Allen*, 446 F.3d 522, 527 (4th Cir. 2006).[1]   Meanwhile, as to Gilmore's third appellate

contention, "appellate review of sentencing decisions is limited to determining whether

they are 'reasonable,'" *see Gall v. United States*, 552 U.S. 38, 46 (2007), such that we

"review the reasonableness of a sentence under . . . [the] abuse of discretion standard," *see*

*United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (citation modified).[2]

    In these circumstances, having carefully assessed the record on appeal — along with

the appellate submissions of the parties — we discern no reversible error.  Regarding

Gilmore's first appellate contention that the drugs found at the time of his arrest in June

2024 were not "part of the same course of conduct" as the September 2023 controlled

purchase, *see* U.S.S.G. § 1B1.3(a)(2), we are satisfied that they were.  To be sure, as the

district court correctly determined, the drugs attributable to Gilmore were found along with

a firearm, digital scales, and packaging materials, such that those drugs are properly

characterized as being part of Gilmore's conduct underlying the controlled purchase.

---

[1] The government maintains that, as to Gilmore's first appellate contention, that issue was not raised in the district court and is thus subject to stringent plain error review under *United States v. Olano*, 507 U.S. 725, 732 (1993). *See, e.g.*, Br. of Appellee 14-15. The government is certainly correct in its assertion that unpreserved claims are "generally reviewed on appeal only for plain error." *See United States v. Brewer*, 157 F.4th 332, 343 n.5 (4th Cir. 2025) (citation modified).  But here, we need not decide whether Gilmore's claim is subject to plain error review because it fails even under the ordinarily applicable standard. *See, e.g.*, *United States v. Spirito*, 36 F.4th 191, 202 n.8 (4th Cir. 2022).

[2] The government also maintains that Gilmore waived — or, at the very least, forfeited — his sentencing mitigation argument. *See* Br. of Appellee 31-36.  Yet again, we need not determine whether Gilmore waived or forfeited that argument because Gilmore's third appellate "contention[] fail[s] even under the abuse-of-discretion standard." *See United States v. Gentner*, 177 F.4th 519, 528 n.10 (4th Cir. 2026) (citation modified).

3

Turning to Gilmore's second appellate contention, we also discern no reversible error. As the district court found and ruled, Gilmore's sentence for the prior offense — which the court counted as the career offender predicate — expired on September 30, 2008, exactly 14 years, 11 months, and 29 days before the controlled purchase on September 29, 2023. Because the September 2023 offense falls within the 15-year "lookback" period, *see* U.S.S.G. § 4A1.2(e)(1), the court did not err by classifying Gilmore as a career offender.

Finally, as to Gilmore's third appellate contention — to wit, that the district court failed to adequately consider his "equitable objections" for a downward-variant sentence — that contention is belied by the record. Indeed, the court acknowledged the negative influences in Gilmore's life, his traumatic experiences and resulting mental health issues, and Gilmore's acceptance of responsibility. *See, e.g.*, J.A. 190-192.[3] Nevertheless, the court determined that a lesser sentence would be inappropriate given the nature and severity of Gilmore's conduct. *Id.* at 193 (observing that "this is a case where a very significant drug dealer who has a significant history of doing it over time came back out and, within a month, has a .40 caliber firearm and enough fentanyl in dosage units to kill a lot of people"). We are thus satisfied that the court "impose[d] an individualized sentence based on the characteristics of [Gilmore] and the facts of the case," and that it properly "explain[ed] the sentence chosen." *See United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017).

---

[3] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

4

\* \* \*

Pursuant to the foregoing, we are satisfied to reject each of Gilmore's appellate contentions and affirm the Criminal Judgment.   Furthermore, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court, and because an argument would not aid the decisional process.

*AFFIRMED*